The Honorable John Paul Verkamp State Representative 1405 W. Center Street Greenwood, AR 72936-3405
Dear Representative Verkamp:
You have presented the following questions for my opinion:
 (1) Is it the city's responsibility to substantiate costs charged to the requesting individual for copying relating to Freedom of Information (FOI) requests?
 (2) Is a city required to justify the "per page" copy charges they impose on citizens for copies related to FOI requests?
 (3) Is it legal for a city to charge more than the actual cost of copy expense for copies made as a result of an FOI request?
 (4) Is a city allowed to make a profit from copies related to an FOIA request?
 (5) Are there legal consequences a city can face for the over-charging of FOI copies?
 (6) Is there anything in current state law that allows a city to charge individuals $0.25 per page for copies related to FOI requests without verifying that $0.25 per page is the actual cost of copies for that city?
RESPONSE
Question 1 — Is it the city's responsibility to substantiate costscharged to the requesting individual for copying relating to Freedom ofInformation (FOI) requests?
Yes. Cities (and all other entities that are subject to the Freedom of Information Act (FOIA)) are required to substantiate copy charges (and all other charges) that are imposed upon requestors. This requirement was added to the FOIA in 2001. See Acts 2001, No 1653, § 2. It states:
 (3)(A)(i) Except as provided in § 25-19-109 or by law, any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
 (ii) The custodian may also charge the actual costs of mailing or transmitting the record by facsimile or other electronic means.
 (iii) If the estimated fee exceeds twenty-five dollars ($25.00), the custodian may require the requester to pay that fee in advance.
 (iv) Copies may be furnished without charge or at a reduced charge if the custodian determines that the records have been requested primarily for noncommercial purposes and that waiver or reduction of the fee is in the public interest.
(B) The custodian shall provide an itemized breakdown of chargesunder subdivision (d)(3)(A) of this section.
A.C.A. § 25-19-105(d)(3) (emphasis added).
Question 2 — Is a city required to justify the "per page" copy chargesthey impose on citizens for copies related to FOI requests?
In my opinion, cities (and all other entities that are subject to the FOIA) must be prepared to show that the charges they impose upon requestors reflect their actual costs. (I take it that this is what you mean by the term "justify," as used in your question.) This requirement follows from the mandate stated in A.C.A. § 25-19-105(d)(3)(A), quoted above, that costs imposed upon requestors not exceed actual costs. My conclusion is bolstered by the requirement, stated in A.C.A. §25-19-105(d)(3)(B), that custodians provide requestors with an itemized breakdown of charges.
Question 3 — Is it legal for a city to charge more than the actual costof copy expense for copies made as a result of an FOI request?
No. Again, A.C.A. § 25-19-105(d)(3)(A)(i) states:
 (3)(A)(i) Except as provided in § 25-19-109 or by law, any fee for copies shall not exceed the actual costs of reproduction, including the costs of the medium of reproduction, supplies, equipment, and maintenance, but not including existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records.
A.C.A. § 25-19-105(d)(3)(A)(i).
Although the FOIA does not precisely define the term "actual costs," as used in the provision quoted above, it does clearly indicate that "actual costs" include the costs of the medium of reproduction, supplies, equipment, and maintenance. The FOIA also clearly indicates that "actual costs" do not include existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records. Beyond its mention of these enumerated items, the FOIA provides no guidance for calculating the "actual costs" of copying. Moreover, no court has ever addressed the question of what items can be included in calculating the "actual costs" of copying. In making this calculation, therefore, the custodian of the records must be guided by a consideration of which items a court would likely deem to be reasonably related to the cost of copying.
Question 4 — Is a city allowed to make a profit from copies related to anFOIA request?
No (if, in using the phrase "make a profit," you refer to charging more than actual costs). See A.C.A. § 25-19-105(d)(3)(A)(i), quoted above in response to Question 1.
Question 5 — Are there legal consequences a city can face for theover-charging of FOI copies?
The FOIA provides for two different types of remedies for any violation of its requirements, including the requirements concerning copying charges. One of the remedies is a criminal penalty, which is set forth at A.C.A. § 25-19-104, as follows:
 Any person who negligently violates any of the provisions of this chapter shall be guilty of a misdemeanor and shall be punished by a fine of not more than two hundred dollars ($200) or thirty (30) days in jail, or both, or a sentence of appropriate public service or education, or both.
A.C.A. § 25-19-104. This criminal penalty must, of course, be pursued by the prosecuting attorney.
The other remedy is a private remedy that can be pursued by any party who is aggrieved by a violation of the FOIA. It is described in A.C.A. §25-19-107, which states in full:
 (a) Any citizen denied the rights granted to him or her by this chapter may appeal immediately from the denial to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party, if an agency of the state is involved, or to any of the circuit courts of the appropriate judicial districts when an agency of a county, municipality, township, or school district, or a private organization supported by or expending public funds, is involved.
 (b) Upon written application of the person denied the rights provided for in this chapter, or any interested party, it shall be mandatory upon the circuit court having jurisdiction to fix and assess a day the petition is to be heard within seven (7) days of the date of the application of the petitioner, and to hear and determine the case.
 (c) Those who refuse to comply with the orders of the court shall be found guilty of contempt of court.
 (d) In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified or that other circumstances make an award of these expenses unjust. However, no expenses shall be assessed against the State of Arkansas or any of its agencies or departments. If the defendant has substantially prevailed in the action, the court may assess expenses against the plaintiff only upon a finding that the action was initiated primarily for frivolous or dilatory purposes.
A.C.A. § 25-19-107.
Question 6 — Is there anything in current state law that allows a city tocharge individuals $0.25 per page for copies related to FOI requestswithout verifying that $0.25 per page is the actual cost of copies forthat city?
As discussed above, a city can only charge $0.25 per page for copies of records provided in response to a request made under the FOIA if that amount is the actual cost to the city of making the copies. A.C.A. §25-19-105(d)(3). As also discussed, the city must in addition provide an itemized breakdown of the charges. Id. As indicated in response to Question 2 above, I interpret these requirements as mandating that the city be prepared to verify its actual costs.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General